UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
HUNTSVILLE DIVISION

**DeMya Johnson**,

                Plaintiff,

v.

**Spectrum**,

                Defendant.

Case No.

Complaint and Demand for Jury Trial

## COMPLAINT

**DeMya Johnson** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Spectrum** (Defendant):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

### JURISDICTION AND VENUE

2.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012).

3.  This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Alabama.

4.  Venue is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5.  Plaintiff is a natural person residing in Decatur, Alabama 35602.

1

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 400 Atlantic Street, Stamford, Connecticut 16901.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has been on the federal Do Not Call Registry since around December of 2019.

11. At all times relevant hereto, Plaintiff maintained a cellular telephone number, the last four digits of which were 8330.

12. Plaintiff has only used that number in connection with cellular telephone.

13. Despite the fact Plaintiff's cell phone number has been on the Do Not Call registry since 2019 and the fact that Plaintiff never consented to receive calls from Spectrum, from around December 2019 continuing through the time of the filing of this Complaint,[1] Defendant called Plaintiff on her cellular phone on a repetitive and continuous basis.

14. The calls were made for solicitation purposes.

15. Many of the calls consisted of a pre-recorded or computerized voice offering "discount" telecom packages.

16. Defendant placed these calls using an automatic telephone dialing system.

---

[1] Spectrum called Ms. Johnson several times in December 2020.

17. Plaintiff knew Defendant's calls were placed from an automatic telephone dialing system because the calls began with automated message and/or a pause before being connected to a live agent.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

24. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

25. Defendant initiated multiple telephone calls to Plaintiff's telephone number using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for "emergency purposes."

27. Defendant's calls to Plaintiff were without any prior express consent

28. Plaintiff has been on the Do Not Call Registry since December of 2019 and did not provide consent for Defendant to contact her.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages

WHEREFORE, Plaintiff, **DeMya Johnson,** respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

   b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

   c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

   e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **DeMya Johnson,** demands a jury trial in this case.

.

                                                                Respectfully submitted,

Dated: December 21, 2020            By: *s/ Amy L. Bennecoff Ginsburg*
                                                      Amy L. Bennecoff Ginsburg, Esq.
                                                      Kimmel & Silverman, P.C.
                                                      30 East Butler Pike
                                                      Ambler, PA 19002
                                                      Phone: 215-540-8888
                                                      Facsimile: 877-788-2864
                                                      Email: aginsburg@creditlaw.com