# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DEMYA JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 5:20-cv-2056-LCB |
| **CHARTER COMMUNICATIONS, INC.,** | ) |
| **Defendant.** | ) |

## ORDER

Before the Court is the Plaintiff's motion for leave to amend her complaint to add additional claims against Charter Communications, Inc., as well as claims against a new defendant, Tranche Technologies, Inc. (Doc. 35).

This case involves allegations that Charter violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., by placing unwanted telephone calls to the Plaintiff despite the fact that her telephone number was on the national "Do Not Call Registry." Through discovery, the Plaintiff learned, among other things, that Charter contracted with a third party, Tranche Technologies, Inc., who was the actual entity placing the unwanted calls allegedly on Charter's behalf. The Plaintiff now seeks to add Tranche as a defendant and to assert additional claims against Charter based in part on allegations that Tranche doctored a recording of a telephone call between it and the Plaintiff to make it appear as though she initiated one of the calls in question.

The Plaintiff further learned that Charter, or at least counsel for Charter, was aware that the recording in question may have been altered. Though this case has been pending for some time, the Court finds it appropriate to allow the amendment for the following reasons.

Where a motion to amend is filed after the scheduling order's deadline to amend, the Federal Rules of Civil Procedure are clear that such deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), Whether "to allow amendment under Rule 16 rests with the Court's sound discretion." *Friedman v. Coffman*, No. 10-60989-Civ, 2012 U.S. Dist. LEXIS 25952, 2012 WL 668021, at *1 (S.D. Fla. Feb. 29, 2012); *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(reviewing Rule 16(b) ruling for abuse of discretion). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2012).

Under well-settled law, the "good cause" standard prescribed by Rule 16(b) "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citation and internal quotation marks omitted). *See also Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2009 U.S. Dist. LEXIS 35562, 2009 WL 1118944, *2 n. 5

(S.D. Ala. Apr. 27, 2009)("Particularly where a nonmovant objects to a proposed amendment as untimely under the applicable scheduling order, this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings").

The initial discovery deadline was set to expire on October 29, 2021. *See* (Doc. 18). The Plaintiff filed a motion to extend that deadline, but the motion was opposed by Charter. After the motion was fully briefed, the Court conducted a telephone conference on the matter and granted the motion, thereby extending discovery to January 27, 2022. On January 24, 2022, the Plaintiff filed the present motion. As with the motion to extend the discovery deadline, Charter again opposed the motion for leave to amend, and the parties engaged in extensive briefing on the issue.

Central to this dispute about whether to allow an amendment is the above-mentioned recording that, the Plaintiff says, was altered to make it appear as though the Plaintiff initiated the telephone call thus contradicting her assertion that Tranche, on Charter's behalf, initiated the call. The Plaintiff claims to have brought this to Charter's attention by producing her own telephone records showing that the call in question was inbound to her number rather than outbound as Charter previously claimed.

It is undisputed that Charter investigated the matter once it learned of the discrepancy and sent a letter about the issue to Tranche in August of 2021. It is further undisputed that Charter terminated its contract with Tranche on August 18, 2021. However, Charter maintains that the termination was not connected to allegedly doctored recording. Nevertheless, the Plaintiff claims that Charter did not produce the documents related to its investigation until January 13, 2022, days before the filing of the present motion.

The Court notes that both parties claim that the other has failed to fulfill some aspect of its duties during the discovery period. The Plaintiff claims that Charter attempted to "run out the clock" on discovery by waiting until the last minute to produce certain documents and then vigorously opposing her motion to extend the deadline. Charter similarly claims that the Plaintiff failed to exercise diligence during the discovery period. Given the facts noted above, as well as having considered all the arguments and assertions presented in the parties' briefs, the Court finds that the Plaintiff has exercised appropriate diligence in seeking the present amendment. Therefore, the Court finds that good cause exists under Fed. R. Civ. P. 16(b)(4) to allow the amended complaint. Accordingly, the Plaintiff's motion (Doc. 35) is **GRANTED**.

The Plaintiff is ordered to file her amended complaint on or before September 21, 2022. Further, the Court **SETS** a telephone conference for October 7, 2022, at

10:30 a.m. to discuss the remainder of these proceedings. The undersigned's Courtroom Deputy will email dial-in information to the parties prior to the conference.

      **DONE** and **ORDERED** September 14, 2022.

                                            _____
                                            **LILES C. BURKE**
                                            UNITED STATES DISTRICT JUDGE