IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DEMYA JOHNSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    5:20-cv-02056-LCB |
| CHARTER COMMUNICATIONS, INC., TRANCHE TECHNOLOGIES, INC., | ) ) ) |
|     Defendants. | ) ) |

## CORRECTED ANSWER OF TRANCHE TECHNOLOGIES, INC.

COMES NOW DEFENDANT, TRANCHE TECHNOLOGIES, INC. (hereinafter "TRANCHE") and answers the Second Amended Complaint (Doc. 93) by responding to the separately numbered paragraphs and asserting affirmative defenses to the Plaintiff's claims. TRANCHE states as follows:

### INTRODUCTION

1. TRANCHE admits that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA"). TRANCHE denies the remaining allegations in paragraph 1 and expressly denies violating the TCPA.

### JURISDICTION AND VENUE

2. Admit.

3. Admit.

4. Admit.

5. Admit.

## PARTIES

6. TRANCHE is without sufficient information to admit or deny this allegation, therefore it is denied.

7. Upon information and belief, TRANCHE admits this allegation.

8. Upon information and belief, TRANCHE admits this allegation.

9. Upon information and belief, TRANCHE admits this allegation

10. Admit, except that TRANCHE has never had an office in Houston, Texas.

11. Admit.

12. Admit that TRANCHE acted through its employees, agents, servants, contractors and officers. Deny the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

13. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

14. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

15. Admit.

16. Upon information and belief, TRANCHE admits this allegation.

17. Upon information and belief, TRANCHE admits this allegation.

18. TRANCHE is a corporation organized under the laws of the state of New York, with offices in New York and the Republic of Pakistan. The website information attached as Exhibit "A" is not a website owned or maintained by TRANCHE[1]. Otherwise, TRANCHE admits the remaining allegations.

19. Deny, the website information attached as Exhibit "A" is not a website owned or maintained by TRANCHE.

20. Admit.

21. The Agreement speaks for itself. Therefore, these allegations are denied.

22. The Agreement speaks for itself. Therefore, these allegations are denied.

23. The Agreement speaks for itself. Therefore, these allegations are denied.

24. The Agreement speaks for itself. Therefore, these allegations are denied.

25. The Agreement speaks for itself. Therefore, these allegations are denied.

26. The Agreement speaks for itself. Therefore, these allegations are denied.

27. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

---

[1] The website information attached as Exhibit "A" is for a company by the name of Tranche Technologies Private Limited, a company registered in Pakistan.

28. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

29. Admit that someone submitted a request to the Federal Trade Commission Do Not Call List Registry for the phone number listed in Paragraph 28 on December 16, 2019. Otherwise, the remaining allegations are denied.

30. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

31. Other than two (2) phone calls made by TRANCHE to the Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

32. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

33. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

34. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

35. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

36. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

37. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

38. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

39. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

40. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

41. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

42. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

43. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

44. Admit.

45. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

46. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

47. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

48. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

49. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

50. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

51. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

52. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

53. Admit.

54. Admit.

55. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

56. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

57. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

58. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

59. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

60. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

61. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

62. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

63. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

64. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

65. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

66. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

67. Admit letter was received but TRANCHE did not receive the August 4, 2021 letter in August of 2021.  The remaining allegations are denied.

68. Admit letter was received but TRANCHE did not receive the August 4, 2021 letter in August of 2021.  The remaining allegations are denied.

69. Admit that Charter Communications terminated the Reseller Agreement with TRANCHE by letter dated August 18, 2021.

70. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

71. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

72. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

73. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

74. TRANCHE denies that it unlawfully called the Plaintiff.  Admit that the beginning of the call recording was altered to make it appear as though it was an inbound call to TRANCHE.  This alteration occurred in Pakistan.

TRANCHE is without sufficient information to form a belief as to the truth of the remaining allegations; therefore, they are denied.

75. Deny.

76. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

77. Deny.

## COUNT ONE

78. TRANCHE incorporates its responses to the prior allegations of the Second Amended Complaint as if same were fully set forth herein.

79. Admit.

80. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019, TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

81. For the two (2) calls made by TRANCHE to Plaintiff in December of 2019, admit. The remaining allegations are denied.

82. For the two (2) calls made by TRANCHE to Plaintiff in December of 2019, admit. The remaining allegations are denied.

83. Plaintiff's phone number was placed on the Do Not Call List Registry in the same month that TRANCHE made the calls to the Plaintiff. Other than two (2) phone calls made by TRANCHE to Plaintiff in December of 2019,

TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

84. TRANCHE is without sufficient information to form a belief as to the truth of this allegation; therefore, it is denied.

85. Deny.

86. Deny.

87. Deny.

## COUNT TWO

88. TRANCHE incorporates its responses to the prior allegations of the <u>Second Amended Complaint</u> as if same were fully set forth herein.

89. Admit.

90. Admit that TRANCHE initiated a phone call to the Plaintiff's cellular phone number in December of 2019.  The calls were made by TRANCHE in the same month that Plaintiff's cellular phone number was placed on the Do Not Call List Registry.  Otherwise, the remaining allegations are denied.

91. Admit that TRANCHE initiated a phone call to the Plaintiff's cellular phone number in December of 2019.  The calls were made by TRANCHE in the same month that Plaintiff's cellular phone number was placed on the Do Not Call List Registry.  Otherwise, the remaining allegations are denied.

92. Deny.

93. Deny.

94. Deny.

## COUNT THREE

95. TRANCHE incorporates its responses to the prior allegations of the <u>Second Amended Complaint</u> as if same were fully set forth herein.

96. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

97. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

98. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

99. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

100. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

## COUNT FOUR

101. TRANCHE incorporates its responses to the prior allegations of the <u>Second Amended Complaint</u> as if same were fully set forth herein.

102. Deny.

103. Admit that call recording was altered by TRANCHE employees but deny remaining allegations of this Paragraph.

104. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

105. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

106. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

107. Deny.

108. Deny.

109. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

110. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

111. Deny.

## COUNT FIVE

112. TRANCHE incorporates its responses to the prior allegations of the Second Amended Complaint as if same were fully set forth herein.

113. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

114. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

115. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

116. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

117. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

118. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

119. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

120. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

121. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

122. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

123. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

124. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

125. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

## COUNT SIX

126. TRANCHE incorporates its responses to the prior allegations of the Second Amended Complaint as if same were fully set forth herein.

127. Deny that TRANCHE made a misrepresentation to the Plaintiff.

128. TRANCHE is without sufficient information to form a belief as to the truth of these allegations; therefore, they are denied.

129. Deny.

130. Deny.

131. Deny, including all claims for relief made in the *ad damnum* clause of the Second Amended Complaint.

NOW THEREFORE, having responded to the separately numbered paragraphs of the Second Amended Complaint, TRANCHE asserts the following affirmative defenses:

**First Defense**

Plaintiff's claims asserted in Counts Two, Four & Six of the <u>Second Amended Complaint</u> fail to state a claim upon which relief may be granted against TRANCHE.

**Second Defense**

TRANCHE was not aware of a lawsuit filed by the Plaintiff against Charter Communications until September or October of 2021.

**Third Defense**

TRANCHE was not aware of potential litigation between Plaintiff and Charter Communications in 2020.

**Fourth Defense**

No one in 2020 requested that TRANCHE preserve the original audio recording of the December 26, 2019 phone conversation with the Plaintiff.

**Fifth Defense**

TRANCHE made no representations to the Plaintiff regarding the audio file of the recording of the December 26, 2019 phone call between TRANCHE and the Plaintiff.

**Sixth Defense**

Plaintiff did not reasonably rely on any representation made by TRANCHE to the Plaintiff.

### Seventh Defense

Plaintiff has not been harmed or damaged by the altered audio file containing the recording of the phone call between TRANCHE and the Plaintiff.

### Eighth Defense

Subordinates in Pakistan working for TRANCHE altered the beginning of the audio recording to make it appear as though the call was initiated by the Plaintiff. This was done by the subordinates because they were concerned about losing their jobs as a result of making outbound sales calls (prohibited by the Charter Communications Reseller Agreement). This audio recording was sent to Charter Communications in January of 2020. This alteration was not known by senior management of TRANCHE until months after the audio recording was sent to Charter Communications. TRANCHE did not know what Charter Communications did or planned to do with the audio recording of the phone call with the Plaintiff, until they received the letters dated in August of 2021.

### Ninth Defense

Page **16** of **20**

TRANCHE took reasonable steps to ensure that its employees did not initiate calls to phone numbers listed on the Do Not Call List Registry maintained by the Federal Trade Commission.

### Tenth Defense

The phone number listed in the Second Amended Complaint, allegedly owned by the Plaintiff, was not registered with the Federal Trade Commission Do Not Call List Registry until December 16, 2019.  TRANCHE only initiated calls to 256-XXX-8330 in December of 2019.  See 47 CFR § 64.1200(c)(2)(i)(D).

### Eleventh Defense

Plaintiff never informed the agent of TRANCHE that her phone number was listed on the Do Not Call List Registry when she discussed the placement of an order for services to be provided by Charter Communications.

### Twelfth Defense

The claims asserted in the Second Amended Complaint are barred because TRANCHE had established and implemented reasonable practices and procedures to prevent violations of the TCPA, and related regulations.

### Thirteenth Defense

TRANCHE is not liable to Plaintiff because TRANCHE exercised reasonable care and attempted to substantially comply with all applicable statutes and regulations.

### Fourteenth Defense

TRANCHE is not liable to the Plaintiff because any alleged violation of the TCPA occurred as a result of error, and, as part of its routine business practice, TRANCHE satisfied the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### Fifteenth Defense

The claims asserted in Counts One and Two of the Second Amended Complaint are barred by failure to join a necessary or indispensable party (other Resellers of Charter Communications who made calls to the Plaintiff).

### Sixteenth Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventeenth Defense

Plaintiff failed to mitigate any damages she allegedly sustained.

### Eighteenth Defense

TRANCHE's telephone call to the Plaintiff was not made willfully or knowingly in violation of the law but may have been initiated due to an error.

### Nineteenth Defense

Plaintiff has no standing to assert any claim against TRANCHE in Counts One, Two, Four and Six of the Second Amended Complaint.

### Twentieth Defense

Plaintiff has no right to recover punitive damages under Alabama Law.

### Twenty-First Defense

Plaintiff has no right to recover treble damages under the TCPA under the facts of this case.

### Twenty-Second Defense

Upon information and belief, TRANCHE called the Plaintiff in December of 2019 at the request of her parents because TRANCHE was told that Plaintiff was the decisionmaker for the family on issues involving internet and cable television services. Therefore, TRANCHE was given express permission to call the Plaintiff's cellular phone number in December of 2019.

WHEREFORE, ABOVE PREMISES CONSIDERED, DEFENDANT, TRANCHE, demands that the Plaintiff take nothing from TRANCHE or that the Second Amended Complaint be dismissed, with prejudice, with costs taxed against the Plaintiff.

Respectfully Submitted,
/s/ *Douglas J. Centeno*
Douglas J. Centeno, Esq.
Bar No.: ASB-4507-T78D
Counsel for Tranche Technologies, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that he has electronically filed the attached Corrected Answer with the Clerk of Court using the PACER electronic filing system and that copies of the enclosed will be served on all counsel who have entered an appearance in the case via electronic mail, this the 26th day of January 2023.

By: */s/ Douglas J. Centeno*
Douglas J. Centeno, Esq.
Bar No.: ASB-4507-T78D