FILED
2023 Apr-28  PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "J"

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

DEMYA JOHNSON,

        Plaintiff,

v.

CHARTER COMMUNICATIONS, INC.,

        Defendant.

Case No. 5:20-cv-02056-LCB

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant Charter Communications, Inc. ("Defendant"), pursuant to Federal Rules of Civil Procedure 26 and 36, hereby answers, objects, and otherwise responds to Plaintiff DeMya Johnson's ("Plaintiff") First Set of Requests for Admission (the "Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to each of the Requests and are incorporated by reference in each of Defendant's specific responses thereto:

1.    Defendant objects to every Request that purports to impose obligations on Defendant beyond the requirements of Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Alabama, which will

govern Defendant's responses.

2.      Defendant objects to the Requests to the extent they seek information or materials prepared in anticipation of litigation, or which contain or reflect or call for the disclosure of the mental impressions, conclusions, opinions, or legal theories of any attorney for Defendant, or any other information protected by the Federal Rules of Civil Procedure.

3.      Defendant objects to the Requests to the extent they seek materials protected from discovery under the attorney-client privilege, the work product doctrine, or any other privilege recognized under the law.  Defendant will not produce such information.

4.      Defendant objects to the Requests' definition of "third-party agent" as vague, ambiguous, and overbroad.

5.      Defendant objects to the Requests to the extent they improperly seek materials in the possession, custody, or control of third parties.  Defendant only responds on behalf of itself.

6.      Defendant objects to the Requests to the extent they seek trade secrets or other confidential or proprietary research, development, commercial, or business documents or information.  Defendant will only produce such materials, if requested and not otherwise objectionable, subject to the parties' protective order.

7.      Defendant objects to the Requests as vague and ambiguous because

Plaintiff has failed to provide enough information in the Requests to allow Defendant to assess the materials sought thereby.

8.      Defendant objects to the Requests to the extent they call for material that is a matter of public record and is equally available to the requesting party.

9.      Defendant reserves the right to amend, supplement, or revise these responses as necessary up to and including the time of trial.

10.     In responding, Defendant does not concede that any Request to which Defendant responds is relevant to the subject matter of this litigation or that any information provided in response will be admissible as evidence.   Defendant expressly reserves both the right to object to further discovery into the subject matter of these Requests and the right to object to introduction into evidence of responses to these Requests.   Defendant also reserves the right to question the authenticity, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information provided and the documents identified and/or produced in response to these Requests, which may arise in any subsequent proceeding in, or the trial of, this or any other action.

Subject to and without waiving the foregoing objections, Defendant hereby responds to the Requests as follows:

## RESPONSES TO REQUEST

### REQUEST NO. 1:

Admit Charter has a recurring problem with its call centers, or "marketing partners" making telemarketing calls without consumer consent or where consumers' numbers are registered on the Do Not Call registry.

### RESPONSE:

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "recurring problem," "call centers," "marketing partners," "telemarketing calls," and "consent," which are without adequate definition or explanation.

Defendant objects to this Request to the extent it calls for legal interpretations or legal conclusions.

Defendant objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law.  Defendant will not produce such information.

Subject to the foregoing objections, and without waiving the same: Deny.

**REQUEST NO. 2:**

Admit Charter has acknowledged internally it has a recurring problem with its marketing partners/call centers making unauthorized telemarketing calls.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "acknowledged," "internally," "recurring problem," "marketing partners/call centers," and "telemarketing calls," which are without adequate definition or explanation.

Defendant objects to this Request to the extent it calls for legal interpretations or legal conclusions.

Defendant objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law.  Defendant will not produce such information.

Subject to the foregoing objections, and without waiving the same: Deny.

**REQUEST NO. 3:**

Admit at least one employee or agent of Charter has stated or acknowledged that its own inventive structure causes those calls to be made.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "employee or agent," "stated," "acknowledged," "inventive structure," and "those calls," which are without adequate definition or explanation. Indeed, this Request is illogical and unintelligible.

Defendant objects to this Request as overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial to the subject matter of the pending litigation, and not reasonably calculated to the discovery of admissible evidence. The Request is particularly objectionable because it is unlimited as to scope and not limited to Plaintiff or the purported calls regarding the subject number identified in the operative Complaint. Such information is also beyond the scope of the operative Complaint, which makes no mention of any purported "inventive structure" or such "employee or agent."

Defendant objects to this Request to the extent it seeks information from a third party. Similarly, Defendant objects to this Request to the extent it seeks information that is not binding on Defendant, which has no relevance to this case.

Defendant objects to this Request to the extent it calls for legal interpretations

or legal conclusions.

Subject to the foregoing objections, and without waiving the same: Deny.

**REQUEST NO. 4:**

Admit Tranche fabricated or altered the recording produced as Charter0000001.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "fabricated" and "altered," which are without adequate definition or explanation.

Defendant objects to this Request as it attempts to impose on Defendant an obligation to provide a response for or on behalf of Tranche, related to the referenced third-party audio recording. Charter is not Tranche. And as Plaintiff's counsel knows, the referred recording is not Charter's recording.

Subject to the foregoing objections, and without waiving the same: Charter has insufficient knowledge or information regarding whether the referenced third-party audio recording was "fabricated" or "altered" by Tranche, and thus, on this basis, denies this Request.

**REQUEST NO. 5:**

Admit Charter did not inquire into the authenticity of that recording before writing the Alabama Attorney General in the letter reflected as Charter00000043.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the phrase "inquire into the authenticity," which is without adequate definition or explanation.

Defendant further objects to this Request as vague and ambiguous. While unclear, the "that recording" referenced by the Request appears to reference the third-party audio recording labeled as "Charter0000001."

Defendant objects to this Request to the extent it seeks information from a third party.

Defendant objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law.  Defendant will not produce such information.

Subject to the foregoing objections, and without waiving the same:  Deny. Defendant listened to the referenced third-party audio recording prior to submitting

the referenced letter to the Alabama Attorney General's Office, and it appeared to be a recording of an inbound call from Plaintiff to Tranche, a third party that only takes inbound calls.  Defendant also investigated Plaintiff's allegations and its records did not show that either Charter or anyone on its behalf placed any telephone calls to telephone number (256) 318-8330.  Defendant's records still do not show that it made or authorized any calls to the subject number.

**REQUEST NO. 6:**

Admit Charter did not inquire into the authenticity of that recording Charter000001 before sending the letter from counsel dated April 5, 2021.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the phrase "inquire into the authenticity," which is without adequate definition or explanation.

Defendant further objects to this Request as vague and ambiguous.  While unclear, this Request appears to reference the "Request for Voluntary Dismissal" letter, dated April 5, 2021, which is on defense counsel's letterhead and signed by defense counsel.

Defendant objects to this Request to the extent it seeks information protected from discovery under the attorney–client privilege, the work product doctrine, or any other privilege recognized by law.  Defendant will not produce such information.

Subject to the foregoing objections, and without waiving the same:  Deny. Defendant incorporates its response to Request No. 6 as if fully set forth herein.

**REQUEST NO. 7:**

Admit Charter terminated its reseller marketing agreement with Tranche.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Subject to the foregoing objections, and without waiving the same: Admit.

**REQUEST NO. 8:**

Admit Charter terminated its reseller marketing agreement with Tranche because Tranche placed unlawful telemarketing calls.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses

the phrase "unlawful telemarketing calls," which is without adequate definition or explanation.

Defendant objects to this Request to the extent it calls for legal interpretations or legal conclusions.

Subject to the foregoing objections, and without waiving the same: Deny (though it would have terminated Tranche for that had Charter established that occurred prior to Tranche already being terminated for other reasons).

## REQUEST NO. 9:

Admit Charter terminated its reseller marketing agreement with Tranche because Tranche employees were misusing consumer financial information.

## RESPONSE:

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the phrase "misusing consumer financial information," which is without adequate definition or explanation.

Subject to the foregoing objections, and without waiving the same: Deny (though it would have terminated Tranche for that had Charter established that occurred prior to Tranche already being terminated for other reasons).

**REQUEST NO. 10:**

Admit Charter terminated its reseller marketing agreement with Tranche because Tranche fabricated or altered a recording and/or other documents.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the phrases/terms "fabricated," "altered," "a recording," and "other documents," which is without adequate definition or explanation.

Subject to the foregoing objections, and without waiving the same: Deny (though it would have terminated Tranche for that had Charter established that occurred prior to Tranche already being terminated for other reasons).

**REQUEST NO. 11:**

Admit Tranche was a Charter agent.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses

the term "agent," which is without adequate definition or explanation.

Defendant objects to this Request as it calls for a legal interpretation or legal conclusion as to the term "agent".

Subject to the foregoing objections, and without waiving the same: Deny.

## REQUEST NO. 12:

Admit Charter exercised control over Tranche.

## RESPONSE:

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the phrase "exercised control," which is without adequate definition or explanation.

Defendant objects to this Request as it calls for a legal interpretation or legal conclusion as to the phrase "exercised control".

Subject to the foregoing objections, and without waiving the same: Deny, though Charter did subject Tranche to certain basic rules, including the prohibition on outbound calling.

## REQUEST NO. 13:

Admit Tranche generated money for Charter.

## RESPONSE:

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the term "generated," which is without adequate definition or explanation.

Subject to the foregoing objections, and without waiving the same: It is unclear what this Request means by "generated money" for Defendant.  To the extent this means that, subject to the terms of Tranche's Reseller Marketing Agreement, Tranche sold Defendant's services, then admit, though Tranche's relationship with Defendant likely resulted in a net loss for Defendant.

**REQUEST NO. 14:**

Admit an employee, officer or director of Charter has referred to Tranche as Charter's "agent" on at least one occasion.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the term "agent," which is without adequate definition or explanation.

Defendant further objects to this Request as vague and ambiguous as to

context.

Defendant objects to this Request as seeking information that is overly broad, irrelevant, immaterial to the subject matter of the pending litigation, and not reasonably calculated to the discovery of admissible evidence. The Request is particularly objectionable because it is unlimited as to scope and time, much less limited to Plaintiff or the purported calls regarding the subject number identified in the operative Complaint. Such information is also beyond the scope of the operative Complaint, which makes no mention of Tranche, nor its role in the case.

Defendant objects to this Request as it calls for a legal interpretation or legal conclusion as to the term "agent."

Defendant objects to this Request to the extent it seeks information from a third party. Similarly, Defendant objects to this Request to the extent it seeks information that is not binding on Defendant, which has no relevance to this case.

Subject to the foregoing objections, and without waiving the same: This Request does not provide enough information to Defendant to be able to truthfully admit or deny it. Denied that Tranche is an "agent." Also, Charter has no knowledge or information evidencing that any authorized Charter employee has legally labeled Tranche an "agent," and thus, on this basis, also denied.

**REQUEST NO. 15:**

Admit Charter made a false statement to law enforcement or legal authorities on February 23, 2020.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "false statement," "law enforcement" and "legal authorities," which are without adequate definition or explanation.

Defendant further objects to this Request as vague and ambiguous, to the extent it references February 23, 2020.  While unclear, this Request appears to be related to the letter to the Alabama Attorney General's Office, labeled as "Charter00000043" in the production from this case.

Subject to the foregoing objections, and without waiving the same:  To the extent this Request is referring to the letter to the Alabama Attorney General's Office, dated February 23, 2020 (and labeled as "Charter00043" in the production from this case), deny.

**REQUEST NO. 16:**

Admit Charter did not supplement or amend the letter to the Alabama Attorney General since said letter was sent.

**RESPONSE:**

Defendant objects to this Request as wholly improper and irrelevant as Charter did not make or authorize the purported calls at issue in the operative Complaint.

Defendant objects to this Request as vague and ambiguous to the extent it uses the terms/phrases "supplement," "amend," and "the Alabama Attorney General," which are without adequate definition or explanation.

Defendant further objects to this Request as vague and ambiguous, to the extent it references "the letter."   While unclear, this Request appears to be referencing a letter, dated February 23, 2020, to the Alabama Attorney General's Office, labeled as "Charter00000043" in the production from this case.

Subject to the foregoing objections, and without waiving the same:  To the extent this Request is referring to the letter to the Alabama Attorney General's Office, dated February 23, 2020 (and labeled as "Charter00043" in the production from this case), admit that the letter was not amended or supplemented, as there was nothing to amend or supplement.  The contents of the letter remain true.

DATED: January 25, 2022                    *s/ Kristapor Vartanian*

17

Nathan D. Chapman
Ga. Bar No. 266019
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333
E-mail: nchapman@kcozlaw.com

Kristapor Vartanian
*Admitted pro hac vice*
333 S. Grand Avenue, Suite 2225
Los Angeles, California 90071
Telephone: (213) 493-3980
Facsimile: (404) 400-7333
E-mail: kvartanian@kcozlaw.com

*Attorneys for Defendant Charter Communications, Inc*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that true and correct copy of DEFENDANT CHARTER

COMMUNICATIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF

REQUESTS FOR ADMISSION via electronic mail on January 25, 2022 to:

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA  19002
teamkimmel@creditlaw.com

John C Hubbard
JOHN C. HUBBARD LLC
2015 First Avenue North
Birmingham, AL 35203
jch@jchubbardlaw.com

*/s/ Kristapor Vartanian*
Kristapor Vartanian

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| DEMYA JOHNSON, | Case No. 5:20-cv-02056-LCB |
| Plaintiff, | **DEFENDANT CHARTER** |
| | **COMMUNICATIONS, INC.'S** |
| v. | **VERIFICATION OF RESPONSES** |
| | **TO PLAINTIFF'S FIRST SET OF** |
| CHARTER COMMUNICATIONS, INC., | **REQUESTS FOR ADMISSION** |
| Defendant. | |

I, Manny Jones, declare as follows:

I am authorized to make this verification on behalf of Charter Communications, Inc.  I have read Defendant Charter Communications, Inc.'s Responses to Plaintiff's First Set of Requests for Admission and know the contents thereof.  To the extent I have personal knowledge of the matters set forth therein, the same are true and correct to the best of my knowledge and belief.  Insofar as said matters are a composite of the information of many individuals, I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct.

Pursuant to 28 U.S.C. § 1746 and the laws of the United States, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _25_ day of _JANUARY_, 2022, at _STAMFORD, CT_ .

_(signature)_

Manny Jones
Sr. Director, Retail Sales Operations
Charter Communications