# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DEMYA JOHNSON,<br><br>      Plaintiff,<br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>TRANCHE TECHNOLOGIES, INC.<br><br>      Defendants. | Case No. 5:20-cv-02056-LCB<br><br>Hon. Liles C. Burke |

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S
## <u>RENEWED MOTION FOR SUMMARY JUDGMENT</u>

Defendant Charter Communications, Inc. hereby moves for summary judgment under Rule 56 based on the contents of its Brief in Support and evidentiary submissions therewith. In sum, the undisputed evidence shows that Charter is entitled to summary judgment on Plaintiff's TCPA claims because Charter did not call Plaintiff and no agency theory permits Plaintiff to hold Charter vicariously liable for the conduct of whomever did call Plaintiff.

Plaintiff concedes that Charter did not place any of the subject calls to her, meaning Charter cannot be directly liable for those calls. Instead, Plaintiff seeks to hold Charter vicariously liable for 33 calls allegedly made by Defendant Tranche Technologies, Inc.'s ("Tranche") subordinates and/or other unidentified third parties. For 31 of the calls, however, Plaintiff doesn't even know the identity of the

callers and thus cannot legally attribute them to Charter under any theory of agency, whether actual agency, apparent agency, or ratification. Nor can she prove that Charter authorized or ratified the two calls that Tranche says its subordinates made.

That is because the undisputed evidence shows that Charter contracted with Tranche to engage in internet-driven *inbound* sales, and contractually *forbade* Tranche from outbound telemarketing. After Plaintiff approached Charter and accused Tranche of calling her, Tranche's subordinates in Pakistan went so far as to fabricate evidence to hide the outbound calls from Charter, so Charter would not terminate Tranche (which Charter did anyway). Charter neither knew about, authorized, nor benefitted from any outbound calls by Tranche. Indeed, Charter didn't discover that Tranche made any outbound calls until after this lawsuit was filed, despite auditing Tranche throughout the relationship to ensure Tranche's compliance with the contract—which Charter was not legally required to do. And Charter never made *any* representation to Plaintiff about Tranche, whether about Tranche's authority to make such calls or otherwise. These facts are dispositive and alone require summary judgment in favor of Charter.

But Plaintiff's claims also fail for other independent reasons. First, Plaintiff's claim based on use of an automatic telephone dialing system ("ATDS") fails because Plaintiff has no evidence any alleged calls were made using an ATDS. Second, her pre-recorded voice ("PRV") claim fails as to 13 calls that played no PRVs. Third,

Plaintiff's National Do-Not-Call Registry ("National DNC Registry") claim fails for the same reasons she cannot prove vicarious liability: she hasn't proven that any of the calls were made on Charter's behalf, much less two calls in a twelve-month period, which is a prerequisite to a DNC claim. This claim also independently fails as to five of the calls that were made before Plaintiff registered her number. Accordingly, even assuming Plaintiff could attribute any of the calls at issue to Charter on a vicarious liability theory, which she cannot, Charter would be entitled to summary judgment on Plaintiff's ATDS and DNC claims altogether and on her PRV claim as to 13 calls.

Fourth and finally, Plaintiff's request for injunctive relief fails. She has access to an adequate remedy at law—statutory damages under 47 U.S.C. § 227(b)(3)—precluding the availability of injunctive relief.

Because there is no genuine issue of material fact as to any of these issues, Charter is entitled to summary judgment as a matter of law.

WHEREFORE, Charter respectfully requests that the Court grant this motion and enter an Order dismissing all claims against Charter in Plaintiff's Second Amended Complaint with prejudice.

*[Signature Appears on Following Page]*

DATED: August 21, 2023.

By: */s/ Ryan D. Watstein*
Ryan D. Watstein (*admitted pro hac vice*)
ryan@wtlaw.com
Abigail L. Howd (*admitted pro hac vice*)
ahowd@wtlaw.com
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Tel: (404) 418-8307
Fax: (404) 537-1650

Wesley B. Gilchrist
wgilchrist@lightfootlaw.com
Mary Parrish McCracken
mmccracken@lightfootlaw.com
LIGHTFOOT, FRANKLIN & WHITE L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
Telephone: 205-581-0700
Facsimile: 205-581-0799

*Counsel for Charter Communications, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I caused to be filed a true and correct copy of the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

By: /s/ *Ryan D. Watstein*
     Attorney for Defendant
